**Opinion filed May 2, 2013**



## In The

# Eleventh Court of Appeals

_____

### No. 11-12-00209-CR

_____

### VICKI LYNN SHROYER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9071**

### MEMORANDUM OPINION

Vicki Lynn Shroyer pleaded guilty in January 2007 to the offense of theft. In accordance with a plea agreement, the trial court assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. However, the trial court suspended the imposition of the sentence and placed Appellant on community supervision for a term of ten years.

The State subsequently filed a motion to revoke community supervision, alleging multiple violations of the terms and conditions of Appellant's community supervision. The trial court considered the motion at a hearing conducted on May 15, 2012. Appellant entered a plea of "true" to all of the alleged violations at the outset of the hearing. After considering evidence pertaining to punishment, the trial court revoked Appellant's community supervision and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke

---

[1] By letter, this court initially granted Appellant thirty days in which to exercise her right to file a response to counsel's brief. This court subsequently granted four motions for extension filed by Appellant giving her an additional four months to file her pro se response. Despite Appellant's multiple extension requests, she has not filed a response.

community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

May 2, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3